UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KELLY DAVID REGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-CV-98 ACL |
| | ) |
| TRAVIS L. WILHITE JR., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff, formerly an inmate at Southeast Correctional Center ("SECC"), brings this § 1983 action against defendants Travis Wilhite, Jr. (Sergeant, SECC); Unknown Corchado (Corrections Officer, SECC); and Unknown Ash (Corrections Officer, SECC). Plaintiff states that on January 29, 2017, his food port in his cell door was open. Although not specifically addressed in the complaint, plaintiff's hand was sticking out through the food port. Officer Ash approached, and asked why plaintiff's food port was open. Plaintiff asked for Officer Ash to contact a lieutenant. Officer Ash left and returned with Sergeant Wilhite and Officer Corchado.

Plaintiff asked again to speak to a lieutenant, Sergeant Wilhite's superior. At this point, Wilhite began sliding the metal door of the food port closed, causing plaintiff's hand to be crushed between the sliding door and the door frame. Wilhite then ordered another officer to place the hazardous materials box over the food port. Once the food port opening was secured inside the hazardous materials box, Wilhite again began crushing plaintiff's hand with the sliding door. According to plaintiff, Wilhite "alternat[ed] between slamming the door on [plaintiff's] hand and using his full bodyweight to lean on the door, deliberately crushing [plaintiff's] hand with the sliding metal door, multiple times." Officers Corchado and Ash watched these events, and failed to intervene.

For damages, plaintiff seeks $10,000 in compensatory damages and $20,000 in punitive damages.

**Discussion**

"'[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). In the context of a prisoner's Eighth Amendment claim against a prison guard for the use of excessive force, "the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.*

There is no "significant injury" requirement, because "[o]therwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.* at 9. Nevertheless, the "Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (holding that the blows directed at the plaintiff's mouth eyes, chest, and stomach, which caused bruises, swelling, loosened teeth, and a cracked dental plate, were not de minimis for Eighth Amendment purposes).

Here, viewing all facts in the light most favorable to plaintiff, Sgt. Wilhite Jr. repeatedly slammed the sliding door of plaintiff's food port, crushing plaintiff's hand and arm. He then used the hazardous materials box to secure the food port, and again slammed the sliding door on the food port using his entire bodyweight to crush plaintiff's forearm between the door and its frame. Wilhite also threatened to kick the door shut. Two other officers witnessed this event, Unknown Ash and Unknown Corchado.

This Court has previously addressed the dangers of open food ports: "Open food ports are considered an immediate security risk because an inmate holding it open may have a

dangerous weapon such as a 'homemade spear with a prison made weapon attached to the end,' or 'a container full of feces, urine, or saliva' to throw at them." *Thomas v. Northern*, No. 1:07-CV-114 SNLJ, 2009 WL 3617556, *1 (E.D. Mo. Oct. 29, 2009). While the Court recognizes that there can be a need for a correctional officer to use force to require an inmate to withdraw his hand from his food port (*see id.*), based on plaintiff's facts, on initial review, plaintiff has stated a plausible claim of excessive force. Plaintiff's allegations establish that defendant Wilhite's use of force was not applied in a good-faith effort to maintain or restore discipline, but was applied to cause harm.

Plaintiff's claims against Officers Corchado and Ash for failure to intervene also survive initial review under 28 U.S.C. § 1915(e). The Eighth Circuit has held that a corrections officer has a duty to intervene on behalf of an inmate being assaulted by another corrections officer. *See Buckner v. Hollins*, 983 F.2d 119, 121 (8th Cir. 1993). The failure to intervene on behalf of an inmate can constitute an Eighth Amendment violation. *Id.* at 122-23. For these reasons, the Court will order the Clerk of Court to issue process or cause process to issue on the complaint as to defendants.

Finally, plaintiff has filed a motion for appointment of counsel. The motion will be denied without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claims. *Id.*

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has presented non-frivolous allegations in his complaint. However, he has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants Travis L. Wilhite, Jr., Officer Unknown Corchado, and Officer Unknown Ash in their individual capacities.

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [ECF No. 5] is **DENIED without prejudice**.

Dated this 7th day of August, 2018.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE