UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| KELLY DAVID REGER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | Case No. 1:18CV98 ACL |
| TRAVIS L. WILHITE, JR., et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

Plaintiff Kelly David Reger filed the instant action seeking monetary damages for alleged constitutional violations pursuant to 42 U.S.C. § 1983 that he claims occurred while he was an inmate at Southeast Correctional Center. Presently pending before the Court are several motions filed by Plaintiff.

In his first Motion, Plaintiff requests that the Court direct Defendants to file a reply to the Complaint. (Doc. 24.) The record reveals that Defendants filed an Answer to the Complaint on September 28, 2018. (Doc. 13.) Consequently, Plaintiff's Motion will be denied.

Plaintiff next requests that the Court appoint counsel. (Doc. 35.) The appointment of counsel in a civil case is governed by 28 U.S.C. § 1915 (d). It is within the district court's sound discretion whether to appoint counsel for those who cannot pay for an attorney under this provision. *See In re Lane*, 801 F.2d 1040, 1044 (8th Cir. 1986).

In determining whether a person who is indigent should be appointed counsel, the court should ascertain "whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984). In addition, the court should consider the factual complexity, the plaintiff's ability to investigate facts, the existence of conflicting testimony, the plaintiff's ability to present her claim, and the complexity of the legal issues. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991), *cert. denied*, 504 U.S. 930, 112 S. Ct. 1995, 118 L.Ed.2d 591 (1992).

After consideration of the above factors, the undersigned concludes that it is not necessary that counsel be appointed for Plaintiff at this point in the litigation. The undersigned finds that Plaintiff has clearly presented his claims against Defendants, and that it does not appear that "plaintiff as well as the court will benefit from the assistance of counsel." Thus, Plaintiff's Motion for Appointment of Counsel will be denied without prejudice. "Without prejudice" means that Plaintiff may later ask for appointment of counsel if he feels it is necessary.

Finally, Plaintiff has also filed a Motion for Sanctions. (Doc. 36.) Plaintiff argues that Defendants have failed to "make disclosure by Wednesday, February 6th 2019 or at all, as ordered by this Court." (Doc. 36.)

Defendants have filed a Response, in which they state that they served their Initial Disclosures on February 6, 2019, by depositing same with the U.S. Mail addressed to Plaintiff. (Doc. 37.) Defendants indicate that they did not at that time produce all of the discoverable documents; however, on February 14, 2019, Defendants sent a list of all documents produced and withheld and a statement of the basis for any such withholding. They further state that

Plaintiff failed to contact Defendants' counsel about their alleged failure to disclose discovery.

Any motion relating to discovery or disclosure must comply with Local Rule 3.04(A) and Rule 37(a)(1), Fed. R. Civ. P. These rules require that a discovery or disclosure-related motion include a statement of a good faith attempt to resolve the discovery dispute prior to the filing of the motion. Plaintiff has not filed such a statement, and Defendants state that they provided the required disclosures. As such, Plaintiff's Motion for Sanctions will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's pending motions (Docs. 24, 35, 36) are **denied**.

                                                                      */s/ Abbie Crites-Leoni*
                                            ABBIE CRITES-LEONI
                                            UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of March, 2019.