UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KELLY DAVID REGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) Case No. 1:18CV98 ACL |
| TRAVIS L. WILHITE, JR., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Presently pending before the Court is Defendants' Motion to Dismiss. (Doc. 42.) Plaintiff has not filed a response, and the time for doing so has expired.

### Background

In their Motion to Dismiss, Defendants state that, to date, they have received no Rule 26 disclosures from Plaintiff. Defendants indicate that Plaintiff did respond to Defendants' First Interrogatories on March 11, 2019. On March 18, 2019, Plaintiff notified the Court by letter that he was no longer an inmate at the Missouri Department of Corrections, and provided his new address. (Doc. 38.) Defendants state that this notice of his change of address was Plaintiff's most recent communication with the Court.

On May 10, 2019, Defendants sent a Notice to Take Plaintiff's Deposition by first class mail to Plaintiff's new address. Plaintiff was to be deposed on June 5, 2019 at 10:00 a.m., at the Office of the Missouri Attorney General in St. Louis, Missouri. (Doc. 42-4.) The Notice to Take Plaintiff's Deposition was enclosed with a letter informing Plaintiff that, if the date and time of the deposition were not convenient for Plaintiff, he should call Defendants' counsel to determine

a mutually agreeable time.  (Doc. 42-5.)  Defendants state that Plaintiff did not appear for his deposition and he did not contact Defendants' counsel prior to the deposition or at any time thereafter.

Defendants argue that Plaintiffs' failure to appear for his deposition, without explanation or forewarning, justifies dismissal with prejudice.  They further contend that Plaintiffs' failure to communicate with Defendants or the Court since March 18, 2019, and failure to participate in the discovery process only serve to enhance the rationale for a dismissal under Rule 37(d), and also justifies dismissal under Rule 41(b).

In an Order dated April 24, 2020, the Court directed Plaintiff to show cause no later than May 11, 2020 why his Complaint should not be dismissed pursuant to Rules 37(d) and 41(b). (Doc. 43.)  Plaintiff was cautioned that failure to respond to the Court's Order would result in the dismissal of his Complaint.  On May 6, 2020, the Court's Order was returned with a notation by the United States Postal Service ("USPS") that it could not be delivered and no forwarding address was available.  (Doc. 44.)  To date, Plaintiff has not responded to Defendant's Motion to Dismiss, nor has he provided the Court with his correct address.

## Discussion

Under Rule 37(d) of the Federal Rules of Civil Procedure, a defendant may seek sanctions, including dismissal, for a plaintiff's failure to attend her deposition and/or failure to respond to interrogatories and requests for production.  *See Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994).  A motion to compel attendance is not required before dismissing an action under Rule 37(d).  *Id*.  Nonetheless, dismissal is "an extreme sanction" that "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional

delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 1999); *see also Schubert v. Pfizer, Inc.*, 459 Fed. Appx. 568, 572 (8th Cir. 2012).

A defendant may also move to dismiss the action if a plaintiff fails to prosecute or to comply with the Federal Rules or a court order, *See e.g., Aziz,* 34 F.3d 587 at 589 (affirming dismissal of *pro se* plaintiff's complaint where plaintiff failed to comply with order of the court); and see, Fed. R. Civ. P. 41(b).  Under Rule 41 of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  Unless the order states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits.  *Id.*  Dismissal pursuant to Rule 41(b) is proper where the plaintiff has acted in "willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay."  *Hunt*, 203 F.3d at 527; *see Arnold v. ADT Sec. Servs.,* Inc., 627 F.3d 716, 722 (8th Cir. 2010) (affirming a Rule 41(b) dismissal where the plaintiff acted with a "persistent pattern of delay and failure to comply with the district court's orders.").

Additionally, Local Rule 8.01 provides that the Court may order a party to show cause why its claims should not be dismissed for failure to prosecute if a case has been pending for six months without any action.  E.D. Mo. L.R. 8.01.  Absent a showing of good cause, "the Court may dismiss the claims with or without prejudice."  *Id.*

In the instant case, Plaintiff has failed to comply with Orders of this Court, including failing to participate in the discovery process set forth in the Case Management Order, and failing to respond to the Order to Show Cause.  The Court advised Plaintiff that failure to respond to the Order to Show Cause would result in dismissal of his Complaint.

In addition, under Local Rule 2.06, "[e]very self-represented party shall promptly notify the Clerk and all other parties to the proceedings of any change in his or her address and telephone number.  If any mail to a self-represented plaintiff...is returned to the Court without a forwarding address and the self-represented plaintiff...does not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice."  E.D. Mo. L.R. 2.06(B).  In the instant case, USPS mail was returned as undeliverable on May 6, 2020.  The Court notes that over thirty days have passed since Plaintiff's mail was returned to the Court without a forwarding address or without notification of a change of address from Plaintiff.

Defendants assert that dismissal with prejudice is the only appropriate sanction based on Plaintiff's failure to attend his own deposition, failure to prosecute his lawsuit, and failure to respond to Court orders.   The Court agrees dismissal of this action for failure to prosecute and failure to comply with court orders is warranted.  *See Devoto v. Corizon*, *Inc.*, No. 2:13CV00019ERW, 2014 WL 294326, at *3 (E.D. Mo. Jan. 27, 2014) (dismissing plaintiff's complaint with prejudice for failure to prosecute where the plaintiff failed to respond to discovery requests, ignored defendant's motion to dismiss, and failed to respond to the court's order to show cause why the motion to dismiss should not be granted).  However, "[e]ven when dismissal with prejudice is supported by the facts, the 'ultimate sanction of dismissal with prejudice should only be used when lesser sanctions prove futile.'"  *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009) (quoting *Rodgers v. Curators of the Univ. of Mo.,* 135 F.3d 1216, 1222 (8th Cir. 1998)).  Such a drastic remedy should be exercised sparingly.  *Id.* (citation omitted).

4

The instant case has been pending for over a year, and Plaintiff has not advanced his case in any meaningful way, prejudicing Defendants and impeding the Court's ability to manage its docket.  Nonetheless, the focus of Rule 41(b), "is foremost on the egregiousness of the plaintiff's conduct, and only to a lesser extent on the prejudice to the defendant or the administration of justice in the district court."  *Burgett v. Gen. Store No Two Inc.,* 727 F. App'x 898, 900 (8th Cir. 2018).  Due to the extreme nature of the sanction of dismissal with prejudice, and in the absence of clear evidence of Plaintiff's willful disobedience to the Court's orders, the dismissal will be without prejudice.  *See Nelson v. Missouri Dep't of Corr.,* No. 4:06-CV-1593 CAS, 2007 WL 2669109, at *5 (E.D. Mo. Sept. 6, 2007); *see also Leach v. Waterway Car Wash*, 217 F. App'x 571, 572 (8th Cir. 2007) (finding district court's order of dismissal should be modified to dismiss the *pro se* action without prejudice where the plaintiff's conduct did not rise to the level of willful disobedience or intentional delay).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 42) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed without prejudice** for failure to prosecute or otherwise comply with Orders of this Court.

A separate Order of Dismissal will accompany this Memorandum and Order.

     /s/ Abbie Crites-Leoni
    ABBIE CRITES-LEONI
    UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of June, 2020.

5